**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| **CHRISTOPHER MIDDENDORF, d/b/a VICTORY BOXING PROMOTIONS,** a Maryland sole proprietorship,<br><br>**PLAINTIFF,**<br><br>V.<br><br>**JARON ENNIS, DEREK ENNIS, SR., CAMERON DUNKIN, JOSEPH DUNKIN, and THOMAS MORAN,**<br><br>**DEFENDANTS.** | **No. 3:19-CV-00031-RP-CFB**<br><br>**AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, & CROSS CLAIMS BY DEFENDANTS JARON ENNIS & DEREK ENNIS, SR. IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COME NOW, Defendants Jaron Ennis and Derek Ennis, Sr., (together, "Defendants") by and through undersigned counsel, and for their Answer, Affirmative Defenses, and Counterclaims, and Cross Claims to Plaintiff's First Amended Complaint and Jury Demand, hereby state as follows:

## <u>PARTIES</u>

1.      Defendants deny the allegations set forth in paragraph 1 for lack of information and knowledge sufficient to form a belief about the truth of the allegations.

2.      Defendants admit the allegations set forth in paragraph 2.

3.      Defendants admit the allegations set forth in paragraph 3.

4.      Defendants deny the allegations set forth in paragraph 4 for lack of information and knowledge sufficient to form a belief about the truth of the allegations.

5.      Defendants admit the allegations set forth in paragraph 5.

6.      Defendants admit the allegations set forth in paragraph 6.

## JURISDICTION, VENUE and CHOICE OF LAW

7.      Defendants deny the allegations set forth in paragraph 7. Defendants state that they did not enter into, and are not bound by the terms of, the fraudulent contract bearing Plaintiff's signature and attached to Plaintiff's First Amended Complaint as Exhibit A. Further, Defendants' actual and previously valid and enforceable contract with Joseph Dunkin and Cameron Dunkin, attached to Plaintiff's First Amended Complaint as Exhibit C, does not govern this action between Plaintiff and Defendants. On that basis, Defendants specifically state that they do not consent to jurisdiction and venue in this action.

8.      Defendants deny that there exist sufficient minimum contacts with the state of Iowa to give this Court specific personal jurisdiction over them in this action. Defendants further deny that the agreement with Joseph Dunkin and Cameron Dunkin is at issue in this lawsuit and state further that the fraudulent contract attached to Plaintiff's First Amended Complaint as Exhibit A is the only document "in issue" in this lawsuit. Defendants deny the remaining allegations against them in paragraph 8. To the extent allegations are made against other parties, Defendants are without sufficient information or knowledge to admit or deny those allegations.

9.      Defendants deny the allegations set forth in paragraph 9.

10.      Defendants admit the allegations set forth in paragraph 10.

## FACTUAL BACKGROUND

11.      Defendants deny the allegations set forth in paragraph 11. Defendants further state that on April 1, 2016 they executed a valid and enforceable written Promotional Rights Agreement ("PRA") with an entity named Victory Boxing Promotions that they understood to be affiliated with Joseph Dunkin and not Chris Middendorf. On January 23, 2019 the parties to the PRA entered into a superseding PRA based in the state of Pennsylvania.

12.      Defendants deny the allegations set forth in paragraph 12.

13.    Defendants deny the allegations set forth in paragraph 13.

14.    Defendants admit the allegations set forth in paragraph 14.

15.    Defendants deny the allegations set forth in paragraph 15.

16.    Defendants admit the allegations set forth in paragraph 16.

17.    Defendants admit that Jaron Ennis signed a PRA, attached to Plaintiff's First Amended Complaint as Exhibit C, with the Joseph Dunkin-affiliated Victory Boxing Promotions and that he subsequently assigned the agreement attached to Plaintiff's First Amended Complaint as Exhibit D. Defendants deny the remaining allegations set forth in paragraph 17.

## CAUSES OF ACTION AGAINST DEFENDANT JARON ENNIS

18.    Defendant Jaron Ennis denies the allegations set forth in paragraph 18.

19.    Defendant Jaron Ennis denies the allegations set forth in paragraph 19, except that he admits that he has signed a previously valid and enforceable promotional rights contract with the Joseph Dunkin-affiliated Victory Boxing Promotions and a currently valid and enforceable contract with the Joseph Dunkin-affiliated NOW Boxing Promotions.

20.    Defendant Jaron Ennis denies the allegations set forth in paragraph 20. He further states that Plaintiff's interference in Defendants' efforts to secure events for him have prevented him from engaging in high-profile events with his actual contractual promoters. Defendants have suffered damages as a result of Plaintiff's actions.

21.    Defendant Jaron Ennis denies the allegations set forth in paragraph 21.

22.    Defendant Jaron Ennis denies the allegations set forth in paragraph 22.

23.    Defendant Jaron Ennis denies the allegations set forth in paragraph 23.

24.    Defendant Jaron Ennis denies the allegations set forth in paragraph 24.

25.    Defendant Jaron Ennis denies the allegations set forth in paragraph 25.

26.    Defendant Jaron Ennis denies the allegations set forth in paragraph 26.

27.     Defendant Jaron Ennis denies the allegations set forth in paragraph 27.

28.     Defendant Jaron Ennis denies the allegations set forth in paragraph 28.

29.     Defendant Jaron Ennis denies the allegations set forth in paragraph 29.

30.     Defendant Jaron Ennis denies the allegations set forth in paragraph 30.

WHEREFORE, Defendant Jaron Ennis respectfully prays this Court dismiss the claims made against him in Plaintiff's First Amended Complaint with prejudice at Plaintiff's cost; enter judgment in his favor; award his attorneys' fees and costs; and for other such relief as the Court deems fit under the circumstances.

## CAUSES OF ACTION AGAINST DEFENDANT DEREK ENNIS, SR.

31.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 31.

32.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 32.

33.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 33.

34.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 34.

35.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 35.

36.     Defendant Derek Ennis, Sr., denies the allegations set forth in paragraph 36.

WHEREFORE, Defendant Derek Ennis, Sr., respectfully prays this Court dismiss the claims made against him in Plaintiff's First Amended Complaint with prejudice at Plaintiff's cost; enter judgment in his favor; award his attorneys' fees and costs; and for other such relief as the Court deems fit under the circumstances.

## AFFIRMATIVE DEFENSES

Further answering, and as separate and distinct affirmative or other defenses, Defendants allege the following:

1.     Venue is improper.

2.      Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiff has unclean hands.

4.      Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and/or laches.

5.      Plaintiff's claims are barred by the statute of frauds.

6.      Plaintiff's claims are barred for lack of consideration.

7.      Plaintiff's claims are barred by mutual mistake.

8.      Plaintiff's claims are barred by a lack of meeting of the minds.

9.      Plaintiff's claims are barred by unconscionability.

10.     Plaintiff's claims are barred by misrepresentation and/or fraud.

11.     Plaintiff's claims are barred by release.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law, or to assert any affirmative claims or to assert any counterclaims, cross-claims, or third-party claims against any party or non-party during or upon the completion of investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Jaron Ennis and Derek Ennis, Sr., respectfully pray this Court dismiss the claims made against them in Plaintiff's First Amended Complaint with prejudice at Plaintiff's cost; enter judgment in their favor; award their attorneys' fees and costs; and for other such relief as the Court deems fit under the circumstances.

**COUNTERCLAIMS AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT**
**CHRIS MIDDENDORF d/b/a VICTORY BOXING PROMOTIONS**

COME NOW, Defendants/Counterclaim Plaintiffs Jaron Ennis and Derek Ennis, Sr.,

("Counterclaim Plaintiffs") and for their Counterclaims against Plaintiff/Counterclaim Defendant

Chris Middendorf d/b/a Victory Boxing Promotions state to the Court as follows:

**PARTIES, JURISDICTION, and VENUE**

1.        Defendant/Counterclaim Plaintiff Jaron Ennis is a resident of Pennsylvania.

2.        Defendant/Counterclaim Plaintiff Derek Ennis, Sr., is a resident of Pennsylvania.

3.        On information and belief, Plaintiff/Counterclaim Defendant Chris Middendorf

d/b/a Victory Boxing Promotions is a resident of Maryland who owns a Maryland sole

proprietorship of the same name with its principal place of business in Maryland.

4.        This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

There is complete diversity of citizenship between Counterclaim Plaintiffs and Counterclaim

Defendant and the amount in controversy exceeds $75,000 exclusive of costs and interest.

5.        This Court has specific personal jurisdiction over Counterclaim Defendant because

Counterclaim Defendant initiated this action in this Court.

6.        Counterclaim Plaintiffs do not consent to venue and state further that the Southern

District of Iowa is an improper venue for this action under 28 U.S.C. § 1391. To the extent that

this Court determines otherwise, Counterclaim Plaintiffs assert the following facts and

Counterclaims.

**STATEMENT OF FACTS**

7.        In March 2016, Counterclaim Plaintiffs communicated to Cameron Dunkin their

intent to enter into a promotional rights agreement with Cameron Dunkin and his brother Joseph

Dunkin d/b/a Victory Boxing Promotions.

8.      Cameron Dunkin sent the unsigned Promotional Rights Agreement ("PRA"), attached to Counterclaim Defendant's First Amended Complaint as Exhibit C, to Counterclaim Plaintiffs.

9.      Counterclaim Plaintiffs signed the PRA and sent the signed PRA back to Cameron Dunkin with the understanding that Cameron Dunkin and Joseph Dunkin d/b/a Victory Boxing Promotions would counter-sign the PRA.

10.     Under the terms of the PRA, both Counterclaim Plaintiffs would receive a percentage of Counterclaim Plaintiff Jaron Ennis's earnings from participating in boxing matches.

11.     Counterclaim Defendant was not a party to the PRA.

12.     From April 1, 2016—the date of the PRA—to the present, Counterclaim Plaintiffs have understood the PRA to be a contract between themselves and Cameron Dunkin and Joseph Dunkin d/b/a Victory Boxing Promotions.

13.     Counterclaim Plaintiffs did not intend at any point to enter into a promotional rights agreement with Chris Middendorf the individual or Chris Middendorf d/b/a Victory Boxing Promotions.

14.     Counterclaim Plaintiffs did not at any point enter into a promotional rights agreement with Chris Middendorf the individual or Chris Middendorf d/b/a Victory Boxing Promotions.

15.     On information and belief, sometime between April 1, 2016 and April 4, 2016, Counterclaim Defendant obtained a copy of the partially executed PRA bearing only Counterclaim Plaintiffs' signatures. He subsequently affixed his signature to the document without Counterclaim Plaintiffs' knowledge or consent, creating a fraudulent contract.

Counterclaim Defendant attached this fraudulent contract to his First Amended Complaint as Exhibit A.

16.     Counterclaim Plaintiff Jaron Ennis first established a relationship with Counterclaim Defendant after April 1, 2016, when Cameron Dunkin introduced Counterclaim Defendant as an individual who worked on behalf of Cameron Dunkin.

17.     Counterclaim Plaintiffs understood Counterclaim Defendant's role to be an employee and agent of Cameron Dunkin.

18.     Counterclaim Plaintiffs have never had an independent business relationship with Counterclaim Defendant.

19.     On information and belief, around November 2018, Counterclaim Defendant began asserting to third parties in the boxing industry that he was Counterclaim Plaintiff Jaron Ennis's only promoter and the only party through whom boxing matches could be set up.

20.     On information and belief, Counterclaim Defendant's statements caused confusion to business entities in the boxing industry and caused a loss of business opportunities for Counterclaim Plaintiffs.

21.     Because the career of a boxer is necessarily limited by the time a boxer's body is in peak physical condition and the time a boxer can garner and maintain attention from fans and customers, the confusion surrounding the status of Counterclaim Plaintiff Jaron Ennis's promoter has caused him to lose out on time-sensitive and unrecoverable opportunities.

22.     Counterclaim Plaintiffs were damaged by Counterclaim Defendant's actions.

## CAUSES OF ACTION

### FIRST COUNT
### Fraud

23.     Counterclaim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

8

24.     Counterclaim Defendant has represented to third parties to be a party to a PRA with Counterclaim Plaintiffs.

25.     Those representations are false, as Counterclaim Plaintiffs never entered into a PRA with Counterclaim Defendant and never intended to do so.

26.     Counterclaim Defendant's representations are material as they are now affecting Counterclaim Plaintiff Jaron Ennis's professional boxing career and his ability to contract for future boxing matches and his ability to sign with other promoters.

27.     Counterclaim Defendant had actual knowledge of the falsity of his representations or made such statements in reckless disregard of whether the representations were true or false.

28.     Counterclaim Defendant intended to deceive Counterclaim Plaintiffs and the rest of the boxing industry through these false representations.

29.     Counterclaim Defendant's false representations have caused Counterclaim Plaintiffs damages, specifically preventing Counterclaim Plaintiff Jaron Ennis from pursuing various opportunities to enter into boxing match contracts and promotional contracts without Counterclaim Defendant's involvement.

## SECOND COUNT
## Tortious Interference with Contractual Relations

30.     Counterclaim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

31.     Counterclaim Plaintiffs had a previously valid and enforceable PRA with Cameron Dunkin and Joseph Dunkin d/b/a Victory Boxing Promotions and a currently valid and enforceable PRA with Cameron Dunkin and Joseph Dunkin d/b/a NOW Boxing Promotions.

32.     Counterclaim Defendant knew of this Agreement.

33. Counterclaim Defendant intentionally and improperly interfered with this Agreement by claiming that he had an exclusive promotional rights agreement with Counterclaim Plaintiffs and that the PRA with Cameron Dunkin and Joseph Dunkin was invalid.

34. Counterclaim Defendant's interference has prevented Counterclaim Plaintiff Jaron Ennis from being able to perform pursuant to the PRA, specifically preventing Counterclaim Plaintiff Jaron Ennis from pursuing various opportunities to enter into boxing match contracts without Counterclaim Defendant's involvement.

35. Counterclaim Defendant's actions have caused Counterclaim Plaintiffs damages.

## **REQUEST FOR PRELIMINARY INJUNCTION**

36. Counterclaim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

37. Counterclaim Plaintiffs have suffered and will continue to suffer ongoing harm during the pendency of this action.

38. Because this action has created confusion within the boxing industry regarding the legal rights and obligations of third parties seeking to contract with Counterclaim Plaintiffs for boxing matches, Counterclaim Plaintiffs have been unable to secure high-paying boxing matches from those third parties.

39. These third parties have advised Counterclaim Plaintiffs that the confusion regarding who is Jaron Ennis's contractual promoter is preventing them from contracting with Counterclaim Plaintiffs and that they will be able to contract with Counterclaim Plaintiffs once their legal rights and obligations to Jaron Ennis's contractual promoter become clear.

40. Counterclaim Plaintiff Jaron Ennis only has a limited time period in which he is physically fit to pursue his boxing career.

41.     Counterclaim Plaintiff Jaron Ennis only has limited opportunities to engage in boxing matches and build his career profile and reputation.

42.     The confusion is causing Counterclaim Plaintiffs irreparable harm.

43.     Counterclaim Plaintiffs request a Preliminary Injunction ordering that income to be paid to Counterclaim Plaintiff Jaron Ennis's "promoter" during the pendency of this action be placed into an escrow account and that Jaron Ennis have the right to sign with another promoter pending the resolution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs Jaron Ennis and Derek Ennis, Sr., respectfully pray this Court enter Judgment in their favor and against Counterclaim Defendant Chris Middendorf d/b/a Victory Boxing Promotions consisting of the following:

a.     An Order granting Counterclaim Plaintiffs' request for a preliminary injunction;

b.     An award of compensatory damages for fraud and tortious interference with contract in excess of $75, 000.00, exclusive of costs and interest, in an amount to be determined at trial;

c.     An award of punitive damages in an amount to be determined at trial;

d.     An award on behalf of Counterclaim Plaintiffs of reasonable attorneys' fees, costs, and interest as provided by law; and

e.     For such other and further relief as this Court deems just and equitable.

## CROSS CLAIMS AGAINST DEFENDANTS
## CAMERON DUNKIN AND JOSEPH DUNKIN

COME NOW, Defendants/Cross Claim Plaintiffs Jaron Ennis and Derek Ennis, Sr., (together "Cross Claim Plaintiffs") and for their Cross Claims against Defendants Camron Dunkin and Joseph Dunkin (together "the Dunkins") state to the Court as follows:

## PARTIES, JURISDICTION, and VENUE

1.        Defendant/Cross Claim Plaintiff Jaron Ennis is a resident of Pennsylvania.

2.        Defendant/Cross Claim Plaintiff Derek Ennis, Sr., is a resident of Pennsylvania.

3.        On information and belief, Defendant Cameron Dunkin is a resident of Nevada.

4.        On information and belief, Defendant Joseph Dunkin is a resident of Washington.

5.        This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. There is complete diversity of citizenship between Cross Claim Plaintiffs and the Dunkins and the amount in controversy exceeds $75,000 exclusive of costs and interest.

6.        This Court has specific personal jurisdiction over the Dunkins because they have sufficient minimum contacts with the state of Iowa such that this Court's exercise of personal jurisdiction over him does not offend traditional notions of fair play and substantial justice. Cross Claim Plaintiffs and the Dunkins entered into a contract that forms the basis of Cross Claim Plaintiffs' claims against the Dunkins and in which the parties expressly consented to jurisdiction and venue in Iowa for disputes arising from the contract.

7.        Venue is proper under 28 U.S.C. § 1391 for the purposes of Cross Claim Plaintiffs' claims against the Dunkins.

## STATEMENT OF FACTS

8.        In March 2016, Cross Claim Plaintiffs communicated to Cameron Dunkin their intent to enter into a promotional rights agreement with him and his brother Joseph Dunkin d/b/a Victory Boxing Promotions.

9.        Cameron Dunkin sent the unsigned Promotional Rights Agreement ("PRA") to Cross Claim Plaintiffs.

10.        Cross Claim Plaintiffs signed the PRA and sent the signed PRA back to Cameron Dunkin with the understanding that he and Joseph Dunkin d/b/a Victory Boxing Promotions would counter-sign the PRA.

11.     On information and belief, Defendant negligently faxed the PRA signed only by Cross Claim Plaintiffs to an individual named Chris Middendorf (otherwise known as "Chris Middendorf d/b/a Victory Boxing Promotions" and the Plaintiff in the underlying action (hereinafter "Middendorf")).

12.     Under the terms of the PRA, both Cross Claim Plaintiffs would receive a percentage of Jaron Ennis's earnings from participating in boxing matches.

13.     Cross Claim Plaintiffs did not believe or intend that Middendorf or his sole proprietorship named Victory Boxing Promotions would be a party to the PRA.

14.     From April 1, 2016—the date of the PRA—to the present, Cross Claim Plaintiffs have understood the PRA to be a contract between themselves and the Dunkins, with Joseph Dunkin doing business as Victory Boxing Promotions.

15.     Cross Claim Plaintiffs did not at any point enter into a promotional rights agreement with Middendorf the individual or Middendorf d/b/a Victory Boxing Promotions.

16.     On information and belief, Cameron Dunkin allowed Middendorf to obtain a copy of the PRA.

17.     Middendorf affixed his signature to the PRA without Cross Claim Plaintiffs' knowledge or consent, creating a fraudulent contract.

18.     When Cameron Dunkin introduced Chris Middendorf to Cross Claim Plaintiffs, he represented to Cross Claim Plaintiffs that Middendorf was an individual who worked on behalf of Cameron Dunkin.

19.     Based on Cameron Dunkin's representation, Cross Claim Plaintiffs understood the Dunkins' and Middendorf's role to be one of principal and agent, respectively.

20.     Cross Claim Plaintiffs relied on Cameron Dunkin's representation in interacting with Middendorf.

21.     From the time that Cross Claim Plaintiffs were introduced to Middendorf to the present, Cross Claim Plaintiffs interacted with Middendorf with the understanding that he was the Dunkins' agent only and acted under the direction of the Dunkins.

22.     Cross Claim Plaintiffs have never had an independent business relationship with Middendorf.

23.     With regard to Jaron Ennis's boxing career, Cross Claim Plaintiffs were unaware, and remain unaware, of any role that Cameron Dunkin offered to Middendorf beyond that of agent.

24.     On March 27, 2019, Middendorf instigated an action against Cross Claim Plaintiffs in the United States District Court for the Southern District of Iowa claiming that he and Cross Claim Plaintiffs had entered into a valid and enforceable contract identical to the PRA Cross Claim Plaintiffs signed with the Dunkins.

25.     Cross Claim Plaintiffs never entered into a contract between themselves and Middendorf.

26.     On information and belief, the Dunkins failed to properly maintain a principal-agent relationship with Middendorf.

27.     On information and belief, around November 2018, Middendorf began asserting to third parties in the boxing industry that he was Cross Claim Plaintiff Jaron Ennis's only promoter and the only party through whom boxing matches could be set up.

28.     Middendorf's statements caused confusion to business entities in the boxing industry and caused a loss of business opportunities for Cross Claim Plaintiffs.

29.     Because the career of a boxer is necessarily limited by the time a boxer's body is in peak physical condition and the time a boxer can garner and maintain attention from fans and

customers, the confusion surrounding the status of Cross Claim Plaintiff Jaron Ennis's promoter has caused him to lose out on time-sensitive and unrecoverable opportunities.

30.     Cross Claim Plaintiffs were damaged by Middendorf's actions.

31.     At the time that Middendorf began asserting that he was Cross Claim Plaintiff Jaron Ennis's only promoter, the Dunkins did not take sufficient action to end their agent Middendorf's harmful, fraudulent, and tortious behavior.

32.     The Dunkins' inaction in the face of their agent Middendorf's harmful conduct are a proximate cause for the damages that Middendorf caused Cross Claim Plaintiffs.

33.     The Dunkins' ongoing failure to resolve the conflict with Middendorf has caused and continues to cause damages to Cross Claim Plaintiffs in the form of Middendorf's ongoing action against Cross Claim Plaintiffs, missed business opportunities, emotional distress, and other additional damages.

34.     To the extent that Middendorf's action against Cross Claim Plaintiffs is a result of Middendorf's reliance on statements, promises, assertions, or representations made to Middendorf by the Dunkins, said statements, promises, assertions, or representations by the Dunkins were fraudulently made.

35.     To the extent that Middendorf's action against Cross Claim Plaintiffs is a result of Middendorf's reliance on statements, promises, assertions, or representations made to Middendorf by the Dunkins, said statements, promises, assertions, or representations by the Dunkins were a breach of the Dunkins' contract with Cross Claim Plaintiffs.

36.     To the extent that Middendorf's action against Cross Claim Plaintiffs is a result of Middendorf's reliance on statements, promises, assertions, or representations made to Middendorf by the Dunkins, said statements, promises, assertions, or representations by Defendant were a violation of the Dunkins' fiduciary duties to Cross Claim Plaintiffs.

37. To the extent that Middendorf's action against Cross Claim Plaintiffs is a result of Middendorf's reliance on statements, promises, assertions, or representations made to Middendorf by the Dunkins, the Dunkins—and not Cross Claim Plaintiffs—caused Middendorf's damages.

38. The Dunkins—and not Cross Claim Plaintiffs—are responsible for any damages suffered by Middendorf and the resulting damages suffered by Cross Claim Plaintiffs as a result of Middendorf's actions.

## CAUSES OF ACTION

### COUNT ONE
### Fraud
### (against Cameron Dunkin)

39. Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

40. Cameron Dunkin represented to Cross Claim Plaintiffs that Middendorf was Cameron Dunkin's agent.

41. If Middendorf was not Cameron Dunkin's agent, those representations are false.

42. Cameron Dunkin's representations are material as they are now affecting Cross Claim Plaintiff Jaron Ennis's professional boxing career and his ability to contract for future boxing matches and to obtain new promoters.

43. If Middendorf's allegations regarding Cameron Dunkin are true, Cameron Dunkin Cameron Dunkin had actual knowledge of the falsity of his representations or made such statements in reckless disregard of whether the representations were true or false.

44. If Middendorf's allegations regarding Cameron Dunkin are true, Cameron Dunkin intended to deceive Cross Claim Plaintiffs and the rest of the boxing industry through these false representations.

45.    Cameron Dunkin's false representations have caused Cross Claim Plaintiffs damages, specifically preventing Cross Claim Plaintiff Jaron Ennis from pursuing various opportunities to enter into boxing match contracts or obtaining new promoters while defending against a lawsuit filed by Defendant's agent Middendorf.

## COUNT TWO
### Breach of Contract
### (against the Dunkins)

46.    Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

47.    Cross Claim Plaintiffs entered into a previously valid and enforceable PRA with the Dunkins on April 1, 2016 and a superseding existing PRA with the Dunkins on January 23, 2019.

48.     The Dunkins had an obligation to enforce the terms of the PRA.

49.    If Middendorf's allegations regarding Cameron Dunkin are true, the Dunkins' failure to enforce the terms of the PRA against their agent Middendorf and in favor of Cross Claim Plaintiffs has prevented Cross Claim Plaintiff Jaron Ennis from pursuing various opportunities to enter into boxing match contracts or obtaining new promoters while defending against a lawsuit filed by Defendant's agent Middendorf.

50.    The Dunkins' actions have caused Cross Claim Plaintiffs damages.

## COUNT THREE
### Breach of Fiduciary Duty
### (against the Dunkins)

51.    Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

52.     The Dunkins had a fiduciary duty to Cross Claim Plaintiffs as manager and promoter of Cross Claim Plaintiff Jaron Ennis and as parties to the PRA with Cross Claim Plaintiffs.

53.     If Middendorf's allegations regarding Cameron Dunkin are true, the Dunkins breached their fiduciary duty by failing to maintain a proper principal-agent relationship with Middendorf, by failing to clarify to all parties that Middendorf was their agent, and by failing to indemnify Cross Claim Plaintiffs for Middendorf's action against Cross Claim Plaintiffs.

54.     The Dunkins' actions have caused Cross Claim Plaintiffs damages.

**COUNT FOUR**
**Tortious Interference with Business Relations**
**(against the Dunkins)**

55.     Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

56.     The Dunkins have not at any time taken sufficient action to end their agent Middendorf's harmful, fraudulent, and tortious behavior.

57.     Defendant's failure to take sufficient action caused confusion to business entities in the boxing industry and caused a loss of business opportunities for Cross Claim Plaintiffs.

58.     If Middendorf's allegations regarding Cameron Dunkin are true, the Dunkins entered into a secret agreement where Middendorf was allowed to act without Cross Claim Plaintiffs' express approval.

59.     On information and belief, the Dunkins has turned down business opportunities for Cross Claim Plaintiffs without their knowledge or consent.

60.     The Dunkins' actions have caused Cross Claim Plaintiffs damages.

**COUNT FIVE**
**Negligence**
**(against Cameron Dunkin)**

61.     Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

62.     After Cross Claim Plaintiffs sent Cameron Dunkin a partially executed copy of the PRA with their signatures only, Cameron Dunkin faxed the same partially executed copy of the PRA to Middendorf.

63.     Cameron Dunkin was negligent in sharing a contract partially executed by Cross Claim Plaintiffs with a non-party to the contract.

64.     Cameron Dunkin was negligent in sharing a contract partially executed by Cross Claim Plaintiffs with an individual who owned a sole proprietorship with the same name as the unsigned entity that was party to the PRA.

65.     Cameron Dunkin actions have caused Cross Claim Plaintiffs damages.

**REQUEST FOR PRELIMINARY INJUNCTION**

66.     Cross Claim Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

67.     Cross Claim Plaintiffs have suffered and will continue to suffer ongoing harm during the pendency of Middendorf's action against them and all related actions.

68.     Because Middendorf's action has created confusion within the boxing industry regarding the legal rights and obligations of third parties seeking to contract with Cross Claim Plaintiffs for boxing matches, and because the Dunkins have not taken any steps to clarify the legal rights and obligations of the parties involved in Jaron Ennis's boxing career, Cross Claim Plaintiffs have been unable to secure high-paying boxing matches from those third parties and have not been able to sign with any new promoters.

69.     These third parties have advised Cross Claim Plaintiffs that the confusion regarding who is Jaron Ennis's contractual promoter is preventing them from contracting with Cross Claim Plaintiffs and that they will be able to contract with Cross Claim Plaintiffs once their legal rights and obligations to Jaron Ennis's contractual promoter become clear.

70.     Cross Claim Plaintiff Jaron Ennis only has a limited time period in which he is physically fit to pursue his boxing career.

71.     Cross Claim Plaintiff Jaron Ennis only has limited opportunities to engage in boxing matches and build his career profile and reputation.

72.     The confusion is causing Cross Claim Plaintiffs irreparable harm.

73.     Cross Claim Plaintiffs request a Preliminary Injunction ordering that income to be paid to Cross Claim Plaintiff Jaron Ennis's "promoter" during the pendency of this action be placed into an escrow account and that Jaron Ennis have the right to sign with another promoter pending the resolution of this action.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Cross Claim Plaintiffs Jaron Ennis and Derek Ennis, Sr., respectfully pray this Court enter Judgment in their favor and against the Dunkins consisting of the following:

f.      An Order granting Cross Claim Plaintiffs' request for a preliminary injunction;

g.      An award of compensatory damages for fraud, breach of contract, breach of fiduciary duty, tortious interference with business opportunities, and negligence in excess of $75,000.00, exclusive of costs and interest, in an amount to be determined at trial;

h.      An award of punitive damages in an amount to be determined at trial;

i.      An award on behalf of Cross Claim Plaintiffs of reasonable attorneys' fees, costs, and interest as provided by law; and

For such other and further relief as this Court deems just and equitable.

        /s/ Richard D. Emery
Richard D. Emery*
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
remery@ecbalaw.com
esaylor@ecbalaw.com

Paige Fiedler
Fiedler Law Firm, P.L.C.
8831 Windsor Parkway
Johnston, Iowa 50131
paige@employmentlawiowa.com

*Admitted pro hac vice

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS/CROSS CLAIM PLAINTIFFS
JARON ENNIS AND DEREK ENNIS, SR.

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, a true and correct copy of the foregoing motion was filed with the Court and served on all counsel of record via operation of the Court's CM/ECF system.

<div style="margin-left:50%">

/s/ Richard D. Emery
_____
Richard D. Emery

*Attorney for Defendants/Counterclaim*
*Plaintiffs/Cross Claim Plaintiffs*
*Jaron Ennis and Derek Ennis, Sr.*

</div>